# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BRADEN A. WALDOW**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 16 C 2632 |
| | ) |
| **ILLINOIS CENTRAL RAILROAD** | ) |
| **COMPANY** formally d/b/a **CANADIAN** | ) |
| **NATIONAL/ILLINOIS CENTRAL** | ) |
| **RAILROAD COMPANY**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Illinois Central Railroad Company ("Illinois Central"), having lost in its effort to dismiss Count I of the Complaint brought against it by plaintiff Braden Waldow ("Waldow"), has now filed its Answer and Affirmative Defenses ("ADs") to Count I.[1] Almost without exception that responsive pleading, while properly preserving Illinois Central's subject matter jurisdictional challenge to Count I that this Court rejected on June 3, has done a first-rate job of fulfilling the notice-pleading concept that this Court views as a responsibility of plaintiffs and defendants alike.

There are, however, a few matters that are appropriate for sua sponte input from this Court. This brief memorandum order will deal with those.

For one thing, Answer ¶ 20 contains a partial disclaimer that properly tracks the locution of Fed. R. Civ. P. ("Rule") 8(b)(5). But following that disclaimer Illinois Central's counsel has

---

[1] Illinois Central had filed its responsive pleading to Complaint II on April 26 of this year.

inappropriately added "and the allegations therefore are denied." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from that paragraph of the Answer.

Nothing further need be said as to the Answer proper, but a few of the ADs do call for comment. Here are the problem areas noted by this Court:

1. AD 2 asserts a failure on Waldow's part "to properly exhaust his administrative remedies" as well as a limitations bar to his claim under 49 U.S.C. § 20109. Matters of that nature should not be permitted to lie dormant -- instead Illinois Central is ordered to file an appropriately supported motion raising those issues and to do so promptly, failing which those professed ADs will be deemed to have been waived or forfeited.

2. AD 3 asserts Waldow's failure "to properly mitigate his damages." It is difficult to understand how any such failure would be known to Illinois Central at this threshold level, without the advantage of information to be derived in the course of discovery. So AD 3 is stricken without prejudice, solely because it is prematurely advanced.

This Court looks forward to defense counsel's curing the flaws identified here. In the meantime the case will go forward with appropriate discovery on the part of both litigants.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 22, 2016