# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRADEN WALDOW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16 CV 02632 ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) Judge John J. Tharp, Jr. ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

When the truck Braden Waldow was driving at work conked out, he opened the hood to jump start the engine. The hood support gave way, however, and the hood fell on Waldow's arm. He filed suit against his employer, the Illinois Central Railroad Company, pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. Illinois Central moved for summary judgment. Because Waldow has failed to adduce any evidence that the railroad breached any duty by failing to prevent the accident, the motion is granted.

## BACKGROUND

### I. Plaintiff's Failure to Comply with Local Rules

The Local Rules for the Northern District of Illinois require a party opposing a motion for summary judgment to 1) file a response to each numbered paragraph in the movant's statement of material facts including, in the case of a disagreement, a specific reference to the record and 2) file its own statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment. LR 56.1(b)(3)(C). Waldow did not properly respond to Central

Illinois's statement of facts, nor did he submit a statement of additional facts.[1] Accordingly, all the facts set forth by Illinois Central are deemed admitted. *See* LR 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (opposing party's failure to respond in kind resulted in deeming admitted the uncontroverted statements in movant's Local Rule 56.1 submission). That said, the Court is not strictly limited to Illinois Central's statement of facts in assessing its motion for summary judgment as it may also consider the "other materials in the record." Fed. R. Civ. P. 56(c)(3). With that understanding, the Court turns to the details of the case.

## II. Undisputed Facts

In 2013, Braden Waldow was employed by Illinois Central Railroad Company as a track foreman. Defendant's Statement of Facts ("DSOF") ¶ 4, ECF No. 45. As track foreman, Waldow was responsible for ensuring that the track was safe for trains. In doing so, he regularly operated machinery including hi-rail trucks. *Id.* at Ex. A 17:2, 21:4. When Waldow arrived at work on the morning of December 19, 2013, he performed a pre-trip inspection of the hi-rail truck he would be using that day as required by company policy. *Id.* at ¶¶ 15, 19. As part of the inspection, Waldow raised and lowered the hood of the vehicle, which stayed open unassisted as designed. *Id.* at ¶ 21.[2]

---

[1] To the extent that Waldow's response brief sets forth additional facts, such facts are not considered. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("Simply providing additional facts in one's responsive memorandum is insufficient to put those facts before the Court."). Illinois Central, in an abundance of caution, nevertheless filed a reply to what it perceived to be new facts alleged in Waldow's brief. ECF No. 48. Because fact assertions in Waldow's brief have been disregarded, it is unnecessary to consider Illinois Central's response to such fact allegations.

[2] When open, the hood was supported by two pistons (presumably pneumatic). DSOF ¶¶ 14, 20, 21.

Notably, the hood had also functioned properly during the 30-odd times Waldow had operated that specific truck in the past. *Id.* at ¶¶ 13-14.

Later that morning, the truck broke down on the tracks near a private crossing. *Id.* at ¶ 7. Waldow lifted the hood to diagnose the problem, and the hood again stayed open unassisted. *Id.* at ¶ 9. Shortly thereafter, another employee used an end loader to push the truck to the crossing, at which point Waldow raised the hood once more in order to jump start the truck. Moments later, the hood fell onto his right arm, bruising it. *Id.* at ¶¶ 10-12. Waldow filed suit against Illinois Central, alleging that it had failed to provide him with a safe workplace in violation of FELA.[3] After some six months of discovery, Illinois Central moved for summary judgment.

## DISCUSSION

FELA holds railroad companies liable for employee injuries caused "in whole or in part" by the negligence of the company's officers, agents, or employees. 45 U.S.C. § 51. To survive a motion for summary judgment, plaintiffs must "offer evidence creating a genuine issue of fact on the common law elements of negligence, including duty, breach, foreseeability, and causation." *Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 625 (7th Cir. 2019) (quoting *Green v. CSX Transp., Inc.*, 414 F.3d 758, 766 (7th Cir. 2005)).[4] With respect to the element of causation, courts apply a "relaxed" standard: to prevail on a FELA claim, plaintiffs must establish only that the employer's negligence played "any part, even the slightest" in producing the injury. *Crompton v. BNSF Ry. Co.*, 745 F.3d 292, 296 (7th Cir. 2014); *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957).

---

[3] Waldow also alleged that Illinois Central had violated the Federal Railroad Safety Act, 49 U.S.C. § 20109, but that claim was dismissed for failure to exhaust administrative remedies, *see* ECF No. 25.

[4] FELA plaintiffs may also seek to rely on the doctrine of *res ipsa loquitur*, *see Ruark,* 916 F.3d at 626, but Waldow has not invoked that doctrine and has therefore waived any argument based upon it. *See*, *e.g.*, *American Family Mutual Ins. Co. v. Williams*, 832 F.3d 645, 650 (7th Cir. 2016) (failure to raise *res ipsa loquitur* doctrine in district court waived argument).

Indeed, the Seventh Circuit has explained that "a FELA case should go to a jury if even the slightest of facts support a finding of negligence." *Ruark*, 916 F.3d at 625.

That is not to say, however, that an employer is liable merely because an employee was injured during the course of employment. To establish that the railroad was negligent, plaintiffs must proffer some evidence showing "circumstances which a reasonable person would foresee as creating a potential for harm." *Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739, 742 (7th Cir. 2005). Foreseeability, in turn, is often equated with notice of the hazardous situation, either actual or constructive.[5] *Id.* In other words, "an employer is not liable if it has no reasonable way of knowing that a potential hazard exists." *Williams v. Nat'l R.R. Passenger Corp.*, 161 F.3d 1059, 1062 (7th Cir. 1998). In *Williams*, for example, the Seventh Circuit affirmed the district court's grant of summary judgment in favor of the defendant where the plaintiff, who was injured by a door slamming shut on a moving train, failed to produce any evidence that the door had a defect which Amtrak could have discovered upon inspection. *Id.* at 1063.

Illinois Central argues that, like the defendant in *Williams*, it could not possibly have discovered that a hazardous situation existed because the situation became hazardous only in the moments between Waldow's initial diagnosis of the truck (during which time the hood functioned properly) and his subsequent attempt to jump start the truck (when the mechanism which held the hood up failed for the first time). The Court agrees; Waldow has not presented any evidence suggesting that Illinois Central should have discovered the defective hood.

Waldow responds that it was nevertheless foreseeable that the hood mechanism might fail or that injury might otherwise occur given that Illinois Central had provided Waldow with one of

---

[5] It is undisputed that Illinois Central lacked actual notice of the defective hood, *see* DSOF at ¶ 25.

4

its "older vehicles" on the day he was injured. Plaintiff's Response to Defendant's Motion for Summary Judgment 4, ECF No. 46. True, Michael Bleich (Waldow's co-worker) and Steve Elledge (Waldow's supervisor) both testified that Waldow was operating one of the company's "older" trucks on the day he was injured. DSOF at Ex B. 12:18, Ex. D 29:18. But that is the only evidence presented regarding the truck's age or condition; the record does not specify *how* old the truck was, nor does it specify how old any of Illinois Central's other trucks were. For all we know on this record, the truck could have been only a couple of years old and still under warranty. Further, Waldow, Bleich, and Elledge (the only deponents of record in the case) all testified that they could not recall the truck ever having any mechanical issues. *Id.* at ¶¶ 23-25. Indeed, it is undisputed that the hood functioned properly during each of the 30 or 31 times Waldow operated the truck in the past. *Id.* at ¶ 13. And while evidence of similar incidents occurring in the past is not required to establish foreseeability, *see Gallick v. Baltimore & O. R. Co.*, 372 U.S. 108, 121 (1963), it is simply unreasonable to infer from the mere fact that the truck was one of Illinois Central's "older" vehicles—which tells the Court only that Illinois Central had purchased trucks after purchasing the one Waldow was operating on the day he was injured—that Illinois Central could have foreseen that it would break down or that its hood mechanism would fail.[6]

Nor can Waldow defeat summary judgment by arguing that Illinois Central created the dangerous condition by failing to properly inspect or maintain its trucks. While a railroad's duty

---

[6] Almost none of the cases Waldow cites in support of his argument are binding on this Court because he relies principally on cases outside the Seventh Circuit, but even so, they do not support a different outcome. That is because in each case, unlike here, the plaintiff presented evidence that the defendant knew of a dangerous condition but failed to correct it. *See Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 827 (2d Cir. 1994) (undisputed evidence revealed that defendant knew that area where plaintiff was attacked was a "magnet for vagrants" and that past criminal activity had occurred in the yard); *Ackley v. Chicago & N. W. Transp. Co.*, 820 F.2d 263, 268 (8th Cir. 1987) (plaintiff's supervisor knew that ladder used by plaintiff was not equipped with rubberized safety shoes but failed to procure a safer one); *Dalka v. Wisconsin Cent., Ltd.*, 811

to provide a safe workplace "contemplates reasonable inspections of equipment," *Williams*, 161 F.3d at 1063, Waldow has failed to present a shred of evidence suggesting that Illinois Central breached that duty. Waldow, without citation, states only that "Illinois Central does not keep any work orders or written documentation showing when the vehicles were maintained" and that "numerous employees described a haphazard process of equipping [Illinois Central's] employees with safe and functioning vehicles." Plaintiff's Response to Defendant's Motion for Summary Judgment at 6. These claims are completely unsubstantiated—indeed, contradicted—by the record. Elledge testified that in addition to the daily pre-trip inspections, all of Illinois Central's vehicles are subject to a maintenance schedule based on mileage and inspected at least annually by professional mechanics, DSOF at Ex. D 30:1-4, and neither Bleich nor Waldow testified about Illinois Central's maintenance of its trucks at all. There is simply no evidence from which a jury could infer that Illinois Central failed to properly maintain its trucks.

Finally, to the extent that Waldow argues that Illinois Central created the dangerous situation by "place[ing] a laborer like Waldow in the position of having to service a broken-down vehicle when neither he nor his co-worker had any mechanical experience," Plaintiff's Response to Defendant's Motion for Summary Judgment at 4, that argument also fails. As an initial matter, that assertion is contradicted by Waldow's own testimony that he worked as a mechanic prior to starting at Illinois Central and has always been mechanically "savvy," DSOF at Ex. A 12:11, 28:16. More importantly, though, there is absolutely nothing in the record to suggest that Illinois Central required track laborers to service broken-down vehicles. *Cf.* DSOF at Ex. D 44:13-14 (explaining that drivers are supposed to report mechanical issues to their supervisors when confronted with

---

N.W.2d 834, 844 (Wis. Ct. App. 2012) (plaintiff who was attacked by a trespasser presented evidence that railroad had a problem with trespassers over the previous six months but had not installed any security fencing). Waldow has not presented any comparable evidence.

them). The record shows that Waldow tried to get the truck moving again; it does not show that Illinois Central required, or even encouraged, him to do so.

FELA eases a plaintiff's evidentiary burden, but it does not eliminate it. Waldow has adduced no evidence whatsoever to establish that Illinois Central had actual or constructive knowledge that the hood support mechanism on his truck was at risk of failure, so he cannot establish that Illinois Central breached any duty to prevent the failure. And absent any evidence suggesting that Illinois Central knew or should have known that the hood mechanism was defective or might fail, it is simply not "possible to tell a story that involved employer negligence," *Crompton v. BNSF Ry. Co.*, 745 F.3d 292, 297 (7th Cir. 2014). The Court therefore grants Illinois Central's motion for summary judgment.

Dated: April 12, 2019

John J. Tharp, Jr.
United States District Judge